*In re* ESTATE OF BENJAMIN SUGAR, Deceased—(C. JEROME BISHOP, Claimant-Appellee, *v.* AMERICAN NATIONAL BANK AND TRUST COMPANY *et al.,* Respondents-Appellants.)

(No. 59082;

First District (1st Division)—September 3, 1974.

Robert A. Downing and Henry L. Mason, III, both of Chicago (Sidley & Austin, of counsel), for appellants.

Ira D. Schultz, of Chicago (Sidney Z. Karasik, of counsel), for appellee.

Mr. JUSTICE BURKE delivered the opinion of the court:

This action involves a claim by attorney C. Jerome Bishop (hereinafter "Bishop") against the estate of deceased attorney Benjamin Sugar (hereinafter "Sugar") on a written agreement between Bishop and Sugar. Bishop asks for an accounting of fees allegedly due him in cases pending on the day of attorney Sugar's death.

The estate of Sugar filed an answer asserting, as its first separate defense, that the agreement terminated by its express provisions upon Sugar's death, and that accordingly Bishop had no claim to income received by the estate after the termination of the agreement. On July 12, 1971, the trial court entered an order denying this defense. On June 27, 1972, the trial court found that Bishop was entitled to an accounting and on January 10, 1973, granted Bishop's claim in the amount of $8,847.27. The estate appeals.

In August, 1968, attorneys Sugar and Bishop entered into a verbal agreement for an association in the practice of handling personal injury cases. On May 30, 1969, they entered into a written agreement providing, in pertinent part, as follows:

"THIS AGREEMENT, made and entered into this 30th day of May, 1969, by and between BENJAMIN SUGAR * * * and C. JEROME BISHOP * * *

WITNESSETH:

WHEREAS, the parties hereto are attorneys at law, duly licensed to practice law in the State of Illinois, and

WHEREAS, said attorneys have been associated with each other in the practice of law for a number of years last past, and

WHEREAS, the parties hereto desire to set forth herein their arrangements for continuation of that association,

NOW, THEREFORE, it is hereby mutually agreed as follows:

1. The term of this agreement shall commence on June 1, 1969 and continue for a period of two (2) years from that date. If the parties hereto desire to extend the agreement beyond that period it shall be extended for terms of one year each by an instrument in writing signed by both of the parties hereto.

2. Bishop shall continue to perform legal work including trial work and services for Sugar in the fashion and manner that Bishop has so performed in the past. Trial work shall be performed by Bishop and such attorneys as Bishop shall engage from time to time on Sugar's behalf.

3. Bishop shall pay Sugar One Hundred ($100.00) Dollars per month as rent for the office Bishop occupies in Sugar's suite, and all services rendered to Bishop in connection therewith. In addition, Bishop shall pay to Sugar one third (33⅓%) of Bishop's fees received by Bishop on Bishop's cases.

4. Sugar shall pay to Bishop thirty (30%) percent of the gross income received by Sugar from Sugar's cases, but Sugar shall pay to Bishop not less than Twenty-five Thousand ($25,000.00) Dollars per year for each year of the term of this agreement, which shall be paid to Bishop at the rate of Five Hundred ($500.00) Dollars per week, except for two weeks of each year. After the end of each year of the term of this agreement, as soon as the figures and computations can be arrived at, the parties hereto shall arrive at an accounting in accordance with the terms of this agreement.

5. Each of the parties hereto shall be entitled to take the usual and ordinary vacations in accordance with and consistent with the practices followed by them during their association prior to the entry into this agreement.

IN WITNESSES WHEREOF, the parties hereto have hereunto set their hands and seals the day and year first above written.

/s/
_____

Benjamin Sugar

/s/
_____

C. Jerome Bishop

This agreement will terminate upon the death of either party should death of either party occur prior to the two (2) year term set forth in Paragraph one (1) of this agreement.

/s/
_____

Benjamin Sugar

/s/
_____

C. Jerome Bishop"

On February 8, 1971, attorney Sugar died. Subsequently, the American National Bank and Trust Company of Chicago and the wife of the decedent, Sylvia Sugar, were appointed executors of his estate.

In a letter dated March 8, 1971, the executors notified Bishop to furnish an accounting to them and to continue rendering his services on pending cases only until the end of that month. Thereafter, on March 11, 1971, the executors notified Bishop that he was authorized to settle three pending cases if possible and also advised him to handle no other matters in the office as of that date unless specifically requested to do so by the executors or by the clients.

On April 5, 1971, Bishop filed a claim against the estate of Sugar seeking various forms of relief including recovery for services he rendered on the pending cases. On June 27, 1972, the court entered an order finding that Bishop's agreement with Sugar was "in the nature of a joint venture" and that Bishop was entitled to an accounting. Specifically, the court held that Bishop was entitled to an accounting on the basis that:

"2. * * * C. JEROME BISHOP was not an employee of BENJAMIN SUGAR at the time of the death of BENJAMIN SUGAR, and that the Agreement of May 30, 1969, that had been entered into between C. JEROME BISHOP and BENJAMIN SUGAR was in the nature of a joint venture agreement. That the death of BENJAMIN SUGAR did not terminate the right or interest of C. JEROME BISHOP and that, as hereinabove set forth, C. JEROME BISHOP is entitled to an accounting to determine his share in the pending cases that were undisposed of at the date of death of BENJAMIN SUGAR in which the Estate of BENJAMIN SUGAR has received payments or claims a right to receive payments as pending cases are from time to time disposed of."

On March 1, 1973, the court entered an order providing that Bishop was entitled to thirty percent (30%) of the funds collected by the estate for fees for legal services realized on cases pending on the date of Sugar's death. After deducting the credits due the estate, the court ruled that Bishop was entitled to $8,847.27 and ordered the executors to file a further accounting on April 1, 1973. The executors of the estate appeal.

The executors argue that the agreement between decedent Sugar and Bishop was a contract of employment and not an agreement in the nature of a joint venture. They contend that the contract terminated by its express terms on the death of Sugar and therefore Bishop was not entitled to an accounting of fees received by the estate after Sugar's death.

■■ A joint venture is an association of two or more persons to undertake an enterprise for profit. (*Carroll v. Caldwell*, 12 Ill.2d 487, 147

N.E.2d 69; *Ramacciotti v. Simpkins,* 130 Ill.App.2d 733, 266 N.E.2d 700.) The determination as to whether a joint venture exists depends upon the nature and substance of the enterprise and not exclusively on the form of the agreement. *Ditis v. Ahlvin Construction Co.,* 408 Ill. 416, 97 N.E.2d 244; *Reese v. Melahn,* 53 Ill.2d 508, 292 N.E.2d 375.

In *Carroll v. Caldwell,* 12 Ill.2d 487, 496-97, 147 N.E.2d 69, 74, the supreme court summarized the general characteristics of a joint venture:

> "It is pointed out in 30 Am. Jur., Joint Adventures, sec. 30, that courts have not laid down an exact definition of what amounts to a joint adventure inasmuch as the answer depends largely upon the terms of the particular agreement, upon the construction which the parties have given it, and upon the nature of the undertaking as well as other facts. The most that can be done, it is said, is to point out certain general characteristics of the relationship of joint adventurers, and certain elements which are generally regarded as essential thereto. Accordingly, it can be said that a joint adventure contemplates an enterprise jointly undertaken; that it is an association of such joint undertakers to carry out a single project for profit; that there must be a community of interest in the performance of a common purpose, a proprietary interest in the subject matter, a right to direct and govern the policy in connection therewith, and a duty, which may be altered by agreement, to share both in profit and losses. (*Hagerman v. Schulte,* 349 Ill. 11; *Harmon v. Martin,* 395 Ill. 595; *Harris v. Young,* 298 Ill. 319, 23 I.L.P. Joint Adventures, 48 C.J.S., Joint Adventures, 30 Am. Jur., Joint Adventures, 80 A.L.R. 1037; 138 A.L.R. 955)."

We are of the opinion that there is no rigid or mechanical test which can be utilized in order to determine the existence of a joint venture. The determination depends upon the terms of the agreement as well as the nature and substance of the enterprise and the totality of surrounding relevant facts.

In the present case, the agreement between Bishop and Sugar evidences an enterprise undertaken jointly by the parties. The express language of the agreement speaks in terms of the parties being "associated with each other in the practice of law. We are of the opinion that the joint enterprise was the practice of law. The utilization of the term "associated" in the present agreement is not expressive of an intent to create an employer-employee relationship, as the executors contend existed. Moreover, under the terms of the agreement, Bishop was obligated to pay Sugar $100 per month rental and such an agreement is not indicative of an "employer-employee" relationship.

The association was undertaken for profit as evidenced by paragraphs

No. 3 and 4 of the agreement and the parties had a community of interest in the continuation of their association. In addition, we believe that the parties each had a proprietary interest in the subject matter.

Paragraph 3 of the agreement provides Bishop with a two-thirds (⅔) interest, and Sugar with a one-third (⅓) interest in Bishop's cases. In turn, paragraph 4 provides Sugar with a seventy (70%) percent interest and Bishop with a thirty (30%) percent interest, or at a minimum, an annual $25,000 interest in Sugar's cases. Although the agreement provided for a guaranteed sum of $25,000 to Bishop in the handling of Sugar's cases, nowhere does the agreement use the term "salary" or any other description of the compensation involved, which would denote an employer-employee relationship.

██ In the present case, the trial judge determined that the agreement between Sugar and Bishop was "in the nature of a joint venture" and that Bishop was entitled to an accounting. We are of the opinion that the court was correct in his determination and therefore the judgment of the trial court is affirmed.

Judgment affirmed.

GOLDBERG and HALLETT, JJ., concur.